IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| ROBERT D. HANEY, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CASE NO.: _____ |
| | ) |
| TRANCO LOGISTICS, LLC, a corporation, | ) |
| TRIDARIOUS DEVONTE MCKINLEY, an individual; | ) |
| | ) |
| "A", "B" and "C", whether singular or plural, the person, firm, corporation, partnership, LLC, or other entity owning the vehicle which struck the motor vehicle operated by Plaintiff ROBERT D. HANEY on the occasion made the basis of this suit; "D", "E" and "F", whether singular or plural, the person, firm, corporation, partnership, or other entity on whose behalf the vehicle was being operated by an underinsured motorist, on the occasion made the | ) |

basis of this suit; "G", "H" and "I", being the driver of the motor vehicle which struck the motor vehicle operated by Plaintiff ROBERT D. HANEY on the occasion made the basis of this suit; "J", "K" and "L", whether singular or plural, being the person, firm, corporation, partnership, or other entity which insured the vehicle driven and/or owned by the aforementioned fictitious Defendants and/or the underinsured motorist, which struck the vehicle operated by Plaintiff ROBERT D. HANEY on the occasion made the basis of this lawsuit. Plaintiffs aver that the identity of the fictitious party Defendants is otherwise unknown to Plaintiffs at this time, or if their names are known to Plaintiffs, their identity as proper party Defendants is not known to Plaintiffs at this time, but their true names and identities will be substituted by amendment when ascertained, )

Defendants.

## PLAINTIFF'S COMPLAINT

## PARTIES

1. Plaintiff, Robert D. Haney, is an individual resident citizen of the State of Alabama and is over the age of nineteen (19) years of age.

2. Defendant, Tridarious Devonte McKinley, is an individual over the age of nineteen (19) and upon information and belief, is a resident citizen of the State of Tennessee.

3. Defendant, Tranco Logistics, LLC is, upon information and belief, a Tennessee corporation with its principal place of business in Chattanooga, Tennessee.

4. Fictitious Defendants A, B, and C, whether singular or plural, is the person, firm, corporation, partnership, or other entity owning the vehicle which caused the collision with the vehicle Plaintiff Robert D. Haney was operating, on the occasion complained of in this lawsuit.

5. Fictitious Defendants D, E, and F, whether singular or plural, is the person, firm, corporation, partnership, or other entity on whose behalf the vehicle was being operated by the underinsured motorist, on the occasion made the basis of this lawsuit.

6. Fictitious Defendants G, H, and I, is the driver of the motor vehicle which caused the collision with the vehicle Plaintiff Robert D. Haney on the occasion made the basis of this lawsuit.

7. Fictitious Defendants J, K and L whether singular or plural, is the person, firm, corporation, partnership, or other entity which insured the vehicle driven and/or owned by fictitious Defendants and/or the underinsured motorist, which caused the collision with the vehicle Plaintiff Robert D. Haney was operating on the occasion made the basis of this lawsuit.

## JURISDICTION AND VENUE

8. The amount in controversy exceeds $75,000.00.

9. The collision made the basis of this lawsuit occurred in Dekalb County, Alabama, which is located in the Northern District of Alabama, Middle Division.

10. Complete diversity exists between the parties.

## FACTS

11. On or about the 14th day of October, 2021, Plaintiff Robert D. Haney (hereinafter "Plaintiff") was driving a 2018 Ford F-150 and was traveling northbound on Interstate 59, near mile marker 224, in Fort Payne, Dekalb County, Alabama.

12. At the same time, Tridarious Devonte McKinley (hereinafter "Defendant

McKinley"), was also traveling northbound on Interstate 59, near mile marker 224 in Fort Payne, Dekalb County, Alabama. While driving through a construction zone, Defendant McKinley lost control of the vehicle he was driving, collided with the Plaintiff's vehicle and pushed it into a concrete barrier and another vehicle, which then collided with another vehicle.

13. Defendant McKinley operated his vehicle in such a way that caused him to lose control and he negligently and wantonly caused a collision with the vehicle operated by the Plaintiff.

14. As a proximate consequence of Defendant McKinley's negligent and/or wanton conduct, Plaintiff suffered physical injuries as set forth below.

## COUNT ONE - NEGLIGENCE

15. Plaintiff re-alleges all preceding paragraphs of the Complaint as if fully set forth herein.

16. At the aforesaid time and place, Defendant McKinley was negligent in the operation of the commercial motor vehicle he was driving and said negligence caused a collision between his vehicle and the vehicle occupied by the Plaintiff.

17. As a result of the acts and/or omissions of the above-described Defendant McKinley, Plaintiff was injured and damaged as follows:

   a. He suffered injuries to various portions of his body, including but not limited to his head, neck, back, shoulders and body as a whole;

b. He has experienced and continues to experience pain and suffering;
c. He is reasonably certain to experience pain and suffering into the future;
d. He has experienced and continues to experience mental anguish;
e. He is reasonably certain to experience mental anguish in the future;
f. He was knocked, shocked, bruised and contused over various portions of his body;
g. He was permanently injured, disfigured and damaged;
h. He was caused to incur personal injury medical expenses for treatment from various doctors, physicians and hospitals;
i. He was caused to incur out-of-pocket medical expenses;
j. He is reasonably certain to incur personal injury medical expenses in the future;
k. He was caused to suffer both past and future lost wages, loss of income, loss of earnings capacity, and lost employment benefits; and
l. His vehicle was torn, twisted and otherwise damaged.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants for general and compensatory damages as well as special and punitive damages that the court may determine together with interest from the date of the injury plus the costs of this action.

## COUNT TWO - WANTONNESS

18. Plaintiff re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

19. At the aforesaid time and place, Defendant McKinley was wanton in his operation of the subject commercial motor vehicle, as a result of driving recklessly in a construction zone. Said wantonness caused a collision between his vehicle and the vehicle occupied by Plaintiff.

20. As a proximate consequence of the wantonness of Defendants, and/or fictitious defendants, Plaintiff was injured and damaged as set forth in paragraph seventeen (17).

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendant for general and compensatory damages as well as special and punitive damages that the court may determine, together with interest from the date of the injury plus the costs of this action.

## COUNT THREE – RESPONDEAT SUPERIOR

21. Plaintiff re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

22. At the time and place of the incident made the basis of this suit, Defendant McKinley was operating a commercial motor vehicle in the line and scope of his employment for Defendant Tranco Logistics, LLC (hereinafter "Defendant Tranco"). As such, Defendant McKinley was an agent and/or employee of Defendant Tranco. Defendant Tranco was the master or principal of Defendant McKinley and is vicariously liable for his actions. Said negligent and/or wanton conduct was a proximate cause of the Plaintiff's injuries and damages described above.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants for general and compensatory damages as well as special and punitive damages that the court may determine, together with interest from the date

of the injury plus the costs of this action.

## COUNT FOUR– NEGLIGENT/WANTON HIRING, TRAINING, SUPERVISION AND RETENTION

23. Plaintiff re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

24. At the time of the occasion made the basis of this lawsuit, and for some time prior thereto, Defendant Tranco was responsible for the hiring, training, supervision, and retention of Defendant McKinley.  Defendant Tranco negligently and/or wantonly hired, trained, supervised, and retained Defendant McKinley.  Said negligent and/or wanton conduct was a proximate cause of the Plaintiff's injuries and damages described above.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants for general and compensatory damages as well as special and punitive damages that the court may determine, together with interest from the date of the injury plus the costs of this action.

## COUNT FIVE – NEGLIGENT/WANTON ENTRUSTMENT

25. Plaintiff re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

26. At the time of the accident made the basis of this Complaint, Defendant Tranco was the owner of, and had the right of control over the use of the commercial vehicle driven by Defendant McKinley, to wit: a 2014 International Navistar tractor-

trailer, VIN 3HSDJAPR7EN026660. Defendant Tranco negligently and/or wantonly entrusted said vehicle to Defendant McKinley, who Defendant Tranco knew or should have known was incompetent to drive the vehicle, who negligently and/or wantonly operated said vehicle, injuring the Plaintiff. Said negligent and/or wanton conduct was a proximate cause of the Plaintiff's injuries and damages described herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants for general and compensatory damages as well as special and punitive damages that the court may determine, together with interest from the date of the injury plus the costs of this action.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY.**

Respectfully Submitted,

/s/ Heidi A. DiLorenzo
Heidi Abbott DiLorenzo (ASB-2431-B84D)
Attorney for Plaintiff

**OF COUNSEL**
ALEXANDER SHUNNARAH TRIAL ATTORNEYS, P.C.
2900 1st Avenue South
Birmingham, AL 35233
Phone:        (205) 983-8132
Facsimile:    (205) 983-8432
Email:        hdilorenzo@asilpc.com

Plaintiff's Address:
Robert D. Haney
c/o Heidi A. DiLorenzo
Alexander Shunnarah Trial Attorneys, P.C.
2900 1st Avenue South
Birmingham, AL 35233

**DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL AS FOLLOWS:**

**Tranco Logistics, LLC**
**5901 Shallowford Road**
**Chattanooga, TN 37421**

**Tridarious Devonte McKinley**
**2580 Kingsley Court**
**Chattanooga, TN 37421**